# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 13 |
| | ) | |
| Laura Flores, | ) | Case No. 06 B 2169 |
| | ) | |
| Debtor. | ) | Judge Jacqueline P. Cox |

## MEMORANDUM OPINION ON MOTION TO LIFT
## AUTOMATIC STAY AND OBJECTION TO CONFIRMATION

This matter is before the Court on the Motion of Creditor LaSalle Bank National Association for relief from the automatic stay as well as LaSalle's objection to confirmation. Debtor is alleged to be a co-owner of real estate located at 1525 South Bramblewood Road in Oak Forest, Illinois. LaSalle is a secured creditor of the property by virtue of a note secured by a first mortgage. The note and mortgage were executed by the debtor's husband on May 23, 2003; the mortgage secures the note.

### Jurisdiction

The Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. §§1334 (a) and 157 (b)(2)(G) and (L). Because this is a core proceeding, the Court may enter a final judgment, In re Smith, 848 F.2d 813, 816 (7th Cir. 1988).

### Background

The debtor did not sign the mortgage or the note. While the specifics are not of record at this preliminary stage, LaSalle alleges that she became co-owner of the property when she was added to the title after her husband bought the property. Was the debtor married to Javier Flores when he acquired the property? If so, did LaSalle know of the marriage? I ask these questions because debtor may have acquired marital rights to the real estate if she and Javier were married when he acquired it.

## Discussion

The question is whether in the absence of contractual privity between the debtor and creditor, a debtor/creditor relationship exists between debtor Laura Flores and creditor/ mortgagee LaSalle Bank and whether LaSalle has a claim herein which would be subject to a Chapter 13 plan.

Section 362(d) of the Bankruptcy Code provides that a court may grant relief from the automatic stay for cause. LaSalle argues that cause exists in this case to lift the stay because the debtor is merely a title holder and is not liable on the note or the mortgage.

LaSalle's objection to confirmation is based on assertions that debtor Laura Flores is a stranger to the note and mortgage, that it did not agree to the transfer of ownership to her, that the transfer violates the due on sale clause of the mortgage and that the proposed plan improperly modifies LaSalle's rights which the Bankruptcy Code prohibits at 11 U.S.C. §1322 (b)(2).

There is a split among the courts on whether a debtor can include a mortgage in a Chapter 13 plan in the absence of privity between the borrower and the mortgagee. Some courts have held that under these circumstances a debtor who acquires an interest in mortgaged property without assuming liability on the mortgage note impermissibly modifies the rights of the mortgagee under a due-on-sale and no-assumption clause. In re Threats, 159 B.R. 241 (Bkrtcy. N.D. Ill. 1993).

The other line of cases, based on the U.S. Supreme Court decision in Johnson v. Home State Bank, 501 U.S. 78 (1991), interpret the term "claim" broadly to include a debtor's position as a co-owner of real estate who is not personally liable on a mortgage note. Johnson v. Home State Bank, 501 U.S. 78 (1991); Bank of America v. Garcia, (In re Garcia), 276 B.R. 627 (Bankr. D. Ariz. 2002); In re Curinton, 300 B.R. 78 (Bankr. M.D. Florida 2003). The Supreme Court held in Johnson that the term "claim" included mortgage obligations for which a debtor's personal liability had been discharged in a Chapter 7 bankruptcy case. Following a Chapter 7 discharge, Johnson filed for

Chapter 13 bankruptcy protection of his interest in mortgaged property.[1] Over the bank's objection the plan including the mortgaged property was confirmed. The District Court and the Eleventh Circuit Court of Appeals agreed with the bank and held that the bank no longer had a "claim" against the debtor because of the discharge of the debtor's personal liability on the promissory notes. The Supreme Court disagreed finding that the term "claim" included obligations on which the debtor was no longer personally liable. The Court held that a claim against the debtor need not be against the debtor personally (in personam), that a claim eligible for bankruptcy treatment could consist solely of a claim against the debtor's property (in rem). Thus, in rem claims can be included in a Chapter 13 plan. LaSalle's mortgage is an in rem claim against the Debtor's interest in the property.

The Supreme Court noted that Congress intended that the term "claim" be interpreted broadly. The Bankruptcy Code defines "claims" broadly:

> (5)    The term "claim" means—
> (A) right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or
> (B) right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.[2]

11 U.S.C. §101 (5).

In Pennsylvania Department of Welfare v. Davenport, 495 U.S. 552, 559 (1990), the Supreme Court defined a right to payment as an enforceable obligation which implies that an obligation could be against a debtor personally or against a debtor's property.

---

[1] This is known as a Chapter 20 in bankruptcy vernacular although there is no Chapter 20 in the Bankruptcy Code.

[2] The recent Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 did not amend the definition of claim.

The Court finds that the debtor is allowed to include LaSalle Bank's claim against her property interest in a Chapter 13 plan, notwithstanding her lack of privity with LaSalle Bank. Because it could invite mischief to allow such inclusions across the board, I do not so rule here and instead find only that this debtor, on these facts, may do so. An example of the limits of this holding is the holding in <u>Ulster v. Kizelnik</u>, 190 B.R. 171 (Bankr. W.D.N.Y.1998). In <u>Ulster</u> a bankruptcy court denied confirmation of a proposed Chapter 13 plan where the debtor tried to cure her grandfather's mortgage default in her Chapter 13 plan. The Court held that the debtor was not seeking relief for herself, but for someone else and that she was not a co-owner of the property, only a tenant.

The Court notes that the mortgage lender may retain its rights to seek personal liability of Javier Flores on this note and may have personal liability against debtor Laura Flores under Illinois' Family Expense Act, 750 Illinois Compiled Statutes 65/15, which provides that the expenses of the family and of the education of the children shall be chargeable upon the property of both husband and wife, or of either of them, in favor of creditors therefor, and in relation thereto they may be sued jointly or separately. Housing expenses should qualify as a family expense. 750 ILCS 65/15 (a)(i). There may be privity by operation of law between debtor Laura Flores and LaSalle Bank if by law she is equally liable for the mortgage and note pursuant to this statute. In any event mortgage lenders should expect that a borrower's interest in collateral may be affected by changes in the borrower's marital status.

The Court's earlier query regarding when Javier and Laura Flores became betrothed may impact whether she has an interest in the property. Under Illinois law if the collateral was acquired after they got married the home is marital property, regardless of whether title is held individually or in some form of co-ownership such as joint tenancy, tenancy in common, tenancy by the entirety or as community property. 750 Illinois Compiled Statutes 5/503; <u>In re Okon</u>, 310 B.R. 603 (Bankr. N.D. Ill. 2004).

In <u>North Shore Community Bank and Trust Co. v. Kollar</u>, 304 Ill. App. 3rd 838 (1st District

-4-

1999) the Illinois Appellate Court held that borrowed money obtained from a bank and secured by a promissory note was not a family expense. It indicated that to hold otherwise would open every loan to minute dissection, tracing every dollar's use. North Shore, at page 845. This Court declines to extend that holding to mortgages and the notes they secure because tracing is not necessary. Mortgage funds are used directly for housing, a family expense.

LaSalle Bank may have other protection. In Coverty v. Richsteig, 379 Ill. 360 (1942) the Illinois Supreme Court held that where a mortgagee, after the date of the mortgagors' deed and with knowledge of the fact that the grantee had purchased the property and assumed the debt, accepted and treated the grantee as principal debtor and dealt with him as such, grantee became the "principal debtor" primarily liable for the debt, and the original mortgagors became "sureties". If the facts herein ultimately reveal that LaSalle Bank knowingly accepted payments from debtor Laura Flores, she may be, by operation of law, responsible for the debt, with Javier serving as her surety. LaSalle Bank may prefer that Javier Flores continue to be personally liable on the debt. The Court awaits the development of the facts underlying the transaction in issue. The facts will inform the final outcome of this matter.

LaSalle argues that allowing Debtor Laura Flores to include the mortgage debt in her Chapter 13 plan modifies their rights in violation of the anti-modification provision at 11 U.S.C. §1322 (b)(2) which indicates that a plan may modify the rights of holders of secured claims other than a claim secured only by a security interest in real property that is the debtor's principal residence. Allowing Debtor Laura Flores to include this claim in her Chapter 13 plan does not impermissibly modify the lender's rights. It provides extra protection as it gives the lender an additional person from whom to seek satisfaction of the underlying obligation.

LaSalle Bank's Motion to Modify the Automatic Stay due to Debtor's lack of personal liability and lack of privity is **DENIED**.

LaSalle Bank's Objection to Confirmation based on Debtor's lack of personal liability and

lack of privity is **OVERRULED.**

This opinion constitutes findings of fact and conclusions of law under Bankruptcy Rule 7052. Separate orders consistent with this opinion will be entered in compliance with Bankruptcy Rule 9021.

**Dated: July 14, 2006**

**ENTERED:**

*Jacqueline P. Cox*

**Jacqueline P. Cox**
**United States Bankruptcy Judge**